

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

C. INTERNATIONAL, INC.,          )
                                 )
           Plaintiff,            )
                                 )
     v.                          )    No. 05 C 1496
                                 )
TURNER CONSTRUCTION COMPANY,     )
                                 )
           Defendant.            )

**MEMORANDUM OPINION AND ORDER**

Plaintiff C. International, Inc. contracted with defendant Turner Construction Company for the construction of a warehouse facility located in Dixon, California (the "Warehouse"). Plaintiff alleges that the construction was defective, including problems with the roof, exterior walls, and floor. This case is before the court based on diversity jurisdiction. Plaintiff is incorporated in Ohio and its principal place of business is in Ohio. Defendant is incorporated in New York with its principal place of business also in New York. The amount in controversy exceeds $75,000.

Defendant moved to dismiss for lack of personal jurisdiction and improper venue, or alternatively for a transfer

of the case to the Eastern District of California. At the time the motion was presented the first aspect of the motion was denied. Although its principal place of business is in New York, defendant also has offices in Illinois and California. Since defendant does business in Illinois, it is subject to personal jurisdiction in this court regardless of whether the subject matter of the lawsuit involves Illinois. See 735 ILCS 5/2-209(b)(4); Rutz v. Barnes-Jewish Hospital, 2005 WL 1389053 *3 (S.D. Ill. June 3, 2005). Since subject to personal jurisdiction in Illinois, defendant is considered a resident of Illinois for purposes of venue. See 28 U.S.C. § 1391(c). Since Turner is the only defendant and resides in Illinois for venue purposes, venue is proper in this district. See 28 U.S.C. § 1391(a)(1). The remaining issue is whether, for the convenience of the parties and witnesses and in the interest of justice, the case should be transferred to California. See 28 U.S.C. § 1404(a).

"A plaintiff's choice of forum is entitled to substantial weight under Section 1404(a), particularly where it is also the plaintiff's home forum. Indeed, a plaintiff's choice of forum should rarely be disturbed unless the balance weighs strongly in the defendant's favor." Clear Channel Outdoor, Inc. v. Rubloff Oakridge Algonquin L.L.C., 2003 WL 22382999 *3 (N.D. Ill. Oct. 16, 2003) (quoting Vandeveld v. Christoph, 877 F. Supp. 1160, 1167 (N.D. Ill. 1995)). See also In re National Presto

Industries, Inc., 347 F.3d 662, 664 (7th Cir. 2003). Where the plaintiff does not reside in the chosen forum, the plaintiff's choice of forum is still accorded some weight, but not as much as otherwise. See Kelly v. McDonald, 2004 WL 526741 *2 (N.D. Ill. March 10, 2004); Heston v. Equifax Credit Information Services, 2003 WL 22243986 *1 (N.D. Ill. Sept. 26, 2003); Confederation Des Brasseries De Belgique v. Coors Brewing Co., 2000 WL 88847 *3 (N.D. Ill. Jan. 20, 2000); Anchor Wall Systems, Inc. v. R & D Concrete Products, Inc., 55 F. Supp. 2d 871, 874 (N.D. Ill. 1999); Bryant v. ITT Corp., 48 F. Supp. 2d 829, 832 (N.D. Ill. May 12, 1999); Houck v. Trans World Airlines, Inc., 947 F. Supp. 373, 375 (N.D. Ill. 1996). Additionally, where the operative facts have little connection to the forum, the plaintiff's choice of forum is also given less weight. See Barela v. Experian Information Solutions, Inc., 2005 WL 770629 *3 (N.D. Ill. April 4, 2005); Kelly, 2004 WL 526741 at *2; Heston, 2003 WL 22243986 at *1; Alberding Estate Administration Trust ex rel. Moore v. Vinoy Park Hotel Co., 2003 WL 22176072 *2 (N.D. Ill. Sept. 15, 2003); Confederation, 2000 WL 88847 at *3; Anchor Wall, 55 F. Supp. 2d at 874. "The movant bears the burden of proving, by reference to particular facts and circumstances, that the transferee forum is 'clearly more convenient.'" Clear Channel, 2003 WL 22382999 at *3 (quoting Heller Financial, Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1293 (7th Cir. 1989)); Tong v. Direct

Trading Corp., 2003 WL 22282466 *3 (N.D. Ill. Oct. 1, 2003). Both private and public interests must be considered. Private interests that are considered include: (1) the plaintiff's choice of forum; (2) the situs of material events; (3) ease of access to sources of proof; (4) conveniences for the parties; and (5) conveniences for the witnesses and the availability of compulsory process. Cypress Medical Products, L.P. v. Worthington, 2005 WL 936903 *2 (N.D. Ill. April 18, 2005); Barela, 2005 WL 770629 at *3; Tatar v. Trans Union L.L.C., 2003 WL 22478941 *1 (N.D. Ill. Oct. 31, 2003); Clear Channel, 2003 WL 22382999 at *3; Heston, 2003 WL 22243986 at *1; United Air Lines, Inc. v. Mesa Airlines, Inc., 8 F. Supp. 2d 796, 798 (N.D. Ill. 1998). Public interests take into account the interests of justice and include: (1) the speed of the proceeding; (2) the court's familiarity with applicable law; and (3) the relation of the community to the occurrence and the desirability of resolving the controversy in its locale. IFC Credit Corp. v. Eastcom, Inc., 2005 WL 43159 *2 (N.D. Ill. Jan. 7, 2005); R.E. Davis Chemical Corp. v. International Crystal Laboratories, Inc., 2004 WL 2191328 *5 (N.D. Ill. Sept. 27, 2004) (quoting Amoco Oil Co. v. Mobil Oil Corp., 90 F. Supp. 2d 958, 961-62 (N.D. Ill. 2000)); Tatar, 2003 WL 22478941 at *1; Clear Channel, 2003 WL 22382999 at *3.

The construction project that is at the center of this case is located in California. Although defendant has an office in Illinois, its California office was the one involved in the construction project. Plaintiff contends that, although its principal place of business is in Ohio, it has a substantial number of employees in Illinois and the people who acted on plaintiff's behalf in planning the project and negotiating the contract are actually located in Illinois. Although plaintiff has a connection to Illinois, Illinois cannot be characterized as plaintiff's home forum. According to the affidavit of its president Stephen Inacker, Cardinal Health 200, Inc. is headquartered in Illinois with about 5000 employees located in McGaw Park, Illinois. According to Inacker, plaintiff was "set up" by Cardinal for the purpose of building the Warehouse. Inacker does not specify whether plaintiff is a subsidiary of Cardinal nor how exactly it may remain affiliated with Cardinal. In any event, plaintiff clearly is a distinct entity with a principal place of business separate from Cardinal. It is also stated that Cardinal and its parent are "spin-offs" of Baxter Healthcare Corporation which is headquartered in Illinois. Persons at Cardinal's offices in Illinois were responsible for negotiating with defendant and Baxter's Facilities Engineering Services Division in Illinois was retained to manage the construction of the Warehouse. The fact that plaintiff used

corporations and persons in Illinois to manage the construction project does not make Illinois its home forum. The use of those persons goes to whether Illinois is convenient for witnesses and whether this case has any connection with Illinois, not whether greater weight is accorded plaintiff's choice of forum because it chose its home forum.

As previously indicated, although this case is centered in California where the Warehouse is located, this is not a situation where there is no connection to Illinois. Baxter employees in Illinois acted as plaintiff's "owner representative" under the construction contract. Additional coordination was provided by Cardinal employees in Illinois. The project architect retained to design the Warehouse was also located in Illinois and did most of its work from its Illinois office. Therefore, some of the operative facts in this case are related to Illinois. Thus, plaintiff's choice of forum should be given significant weight, but not as much as when the plaintiff is located in the forum as well.

Although the construction occurred in California, plaintiff used Illinois-based companies to manage and design the project. As previously mentioned, Illinois employees of Cardinal and Baxter were responsible for the project. They retained architects, engineers, and designers based in Illinois. Each of those companies has pertinent documents stored in Illinois.

Plaintiff provides a lengthy list of potential witnesses from these companies. The list appears to be substantially exaggerated, apparently including many people who have only a remote chance of being witnesses at trial or even deposed. For example, 16 current or former employees of Cardinal are listed. Plaintiff does not list a single potential witness located in California. Defendant points out that plaintiff retained a California architect who was on-site during construction of the Warehouse. Also, persons employed at the Warehouse after construction may have testimony pertinent to the condition of the Warehouse.

Exaggeration as to witnesses is not limited to one side. Defendant listed 46 subcontractors who worked on the project and initially contended there were one or more potential witnesses from each subcontractor. After plaintiff pointed out that not all aspects of the project were at issue, only the roof, exterior walls, and floor, defendant reduced its list to 17 subcontractors who worked on those features. One of the subcontractors who worked on the roof purportedly has 10 employees who might be witnesses, so defendant speculates this could mean 170 potential witnesses amongst the subcontractors. Potential witnesses also include defendant's own employees located in California.

Given the limited amount of information provided as to the possible witnesses, it is impossible to determine exactly how

many likely witnesses are located in California and Illinois. It is clear, though, that a substantial number of witnesses are located in both California and Illinois. It is also clear that a substantial quantity of discoverable documents are stored in both California and Illinois. It does appear, though, that more pertinent witnesses are located in California than Illinois.

The location of discoverable documents apparently favors neither location. The convenience of witnesses and their amenability to process favors California. The degree to which this favors California cannot be identified with precision. The difference appears to be significant, but not overwhelming.

As to the public factors, there does not appear to be a significant difference between the two district courts regarding the speed in which the case will proceed. The parties agree that California law will apply to their contract dispute. That favors transferring the case to California. Also, the fact that the Warehouse is located in California favors transferring the case to California.

Since California is a more convenient location for witnesses, California law will control, and the site of the dispute is in California, a sufficient basis exists to overcome the weight accorded plaintiff's choice of Illinois as a forum. Defendant's motion to transfer will be granted.

IT IS THEREFORE ORDERED that defendant's motion to dismiss [6] is denied and defendant's motion to transfer [6] is granted. The Clerk of the Court is directed to transfer this case to the United States District Court for the Eastern District of California at Sacramento.

ENTER:

_William T. Hart_
UNITED STATES DISTRICT JUDGE

DATED: AUGUST 30, 2005